UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| **Quintin M. Littlejohn**, | ) | C/A No. 6:07-0075-RBH-WMC |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | **Report and Recommendation** |
| **NFN Parker**, Sergeant; and | ) | |
| **Unknown Inmate**, in C-10-C-unit of Cherokee County Detention Center, both individually and in their official capacity, | ) | |
| Defendants. | ) | |

# *Background of this Case*

The plaintiff is a pre-trial detainee at the Cherokee County Detention Center in Gaffney, South Carolina. Information provided by the plaintiff in his recently-filed habeas corpus action, Civil Action No. 6:06-3155-RBH-WMC, he has been charged with possession of crack cocaine.

The plaintiff is under an order of pre-filing review. *See* Graham v. Riddle, 554 F.2d 133, 134-135 & n. * (4th Cir. 1977).¹ The plaintiff was confined in the South Carolina Department of Corrections until May of 2003, when he "maxed

---

¹The order of pre-filing review was entered on July 10, 1998, by the Honorable G. Ross Anderson, Jr., United States District Judge, in Quintin Littlejohn v. William J. Clinton, President of the United States, Civil Action No. 6:98-1169-13AK. Judge Anderson's order authorizes the Clerk's Office to assign civil action numbers to the plaintiff's pleadings for docket control purposes.

1

out" his sentence for his 1982 conviction for armed robbery entered in the Court of General Sessions for Cherokee County. Prior to his current incarceration, the plaintiff resided in Gaffney, South Carolina.[2]

In the above-captioned case, the plaintiff has brought suit against a correctional officer and an inmate at the Cherokee County Detention Center. In his Answers to the Court's Special Interrogatories (Entry No. 5), the plaintiff states that he filed a grievance but has not received a response. The complaint indicates that this civil rights action arises out of fight between the plaintiff and the inmate. The plaintiff complains about the use of a chemical munition to break up the fight.

## *Discussion*

Under established local procedure in this judicial district, a careful review[3] has been made of the *pro se* complaint pursuant to the procedural

---

[2]*See* pleadings in Quintin Littlejohn v. David Edwards Toyota; Mark Edwards; and All Agents in Active Concert, Civil Action No. 7:06-1012-RBH-WMC. This court may take judicial notice of Civil Action No. 7:06-1012-RBH-WMC. Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970). *See also* Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239, 1989 U.S.App. LEXIS® 16328 (4th Cir. 1989)("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); Mann v. Peoples First National Bank & Trust Co., 209 F.2d 570, 572 (4th Cir. 1954)(approving district court's taking judicial notice of prior suit with same parties: "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit to which Mann and the Distilling Company as well as the bank were parties."); and United States v. Parker, 956 F.2d 169, 171, 1992 U.S.App. LEXIS® 1319 (8th Cir. 1992).

[3]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02
(continued...)

2

provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, 104 L.Ed.2d 338, 109 S.Ct. 1827, 1989 U.S. LEXIS® 2231 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[4] Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978), *cert. denied*, Moffitt v. Loe, 446 U.S. 928 (1980); and Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978). The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319 (1972).

---

(...continued)
(DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[4] Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

The unknown inmate who fought with the plaintiff is subject to summary dismissal because he has not acted under color of state law. In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: *(1)* the defendant(s) deprived him or her of a federal right, and *(2)* did so under color of state law. *See* Gomez v. Toledo, 446 U.S. 635, 640 (1980); and American Mfr. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50-52, 1999 U.S. LEXIS® 1711 (1999). *See also* Hall v. Quillen, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980), *cert. denied*, 454 U.S. 1141 (1982).

The district court in Hall v. Quillen, supra, had disposed of the case against a physician and a court-appointed attorney on grounds of immunity. In affirming the district court's order, the Court of Appeals, however, indicated that lower courts should first determine whether state action occurred:

4

> \* \* \* But immunity as a defense only becomes a relevant issue in a case such as this if the court has already determined affirmatively that the action of the defendant represented state action. This is so because state action is an essential preliminary condition to § 1983 jurisdiction, and a failure to find state action disposes of such an action adversely to the plaintiff. \* \* \*

Hall v. Quillen, 631 F.2d at 1155 (citations omitted). *See also* Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 (1982)("Careful adherence to the 'state action' requirement . . . also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.").

Although a private individual or corporation can act under color of state law, his, her, or its actions must occur where the private individual or corporation is a willful participant in joint action with the State or with an agent of the State. Dennis v. Sparks, 449 U.S. 24, 27-28 (1980). Purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983 or under the Fourteenth Amendment. *See* Lugar v. Edmondson Oil Co., supra, 457 U.S. at 936; and Burton v. Wilmington Parking Authority, 365 U.S. 715, 721 (1961).

Whether a private individual's action or corporation's action rises to the level of state action necessarily depends on the relationship between the activity and the state. The inquiry involves "whether there is a sufficiently close nexus between the State and the challenged action . . . so that the action of the latter may be fairly treated as that of the State itself." Jackson v. Metropolitan

5

Edison Co., 419 U.S. 345, 351 (1974).  In Blum v. Yaretsky, 457 U.S. 991, 1004 (1982), the Supreme Court held that a state is responsible for private action only when it has exercised "coercive power" or has provided "significant encouragement" in the implementation of the action.  It is also well settled that "a private person does not act under color of state law simply because he invokes state authority."  Brummett v. Camble, 946 F.2d 1178, 1184, 1991 U.S.App. LEXIS® 26889 (5th Cir. 1991), *cert. denied*, Campbell v. Brummett, 504 U.S. 965, 119 L.Ed.2d 241, 112 S.Ct. 2323, 1992 U.S. LEXIS® 3384 (1992).[5]  *See also* Auster Oil & Gas Co., Inc. v. Stream, 764 F.2d 381, 388, 1985 U.S.App. LEXIS® 30764 (5th Cir. 1985); American Mfr. Mut. Ins. Co. v. Sullivan, supra, 526 U.S. at 50-52 (held: private insurer did not act under color of state law, for purposes of 42 U.S.C. § 1983, when it terminated payment of workers compensation benefits pending review); and *cf.* Kreschollek v. Southern Stevedoring Co., 223 F.3d 202, 2000 U.S.App. LEXIS® 18189 (3rd Cir. 2000)(applying holding in Sullivan to suit alleging action under color of federal law: termination of LHWCA [Longshoremen and Harbor Workers' Compensation Act] benefits by insurance company did not involve "federal government" action).

---

[5]In this citation, there are variant spellings of the party known as Camble or Campbell.

6

Deliberate indifference to an inmate's safety needs is actionable under § 1983. Farmer v. Brennan, 511 U.S. 825, 833 128 L.Ed.2d 811, 114 S. Ct. 1970, 1994 U.S.LEXIS® 4274, 1994 WESTLAW® 237595 (1994)(prison officials have duty to protect prisoners from violence "at the hands of other prisoners"), which was an action brought under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). *See also* Rhodes v. Chapman, 452 U.S. 337, 347, 69 L.Ed.2d 59, 101 S.Ct. 2392 (1981)(suffering physical assaults in prison is not "part of the penalty that criminal offenders pay for their offenses against society"); Benefield v. McDowall, 241 F.3d 1267, 2001 U.S.App. LEXIS® 3338 (10th Cir. 2001)(inmate does not have to wait until he or she is actually assaulted before obtaining relief), which cites Woodhous v. Virginia, 487 F.2d 889, 890 (4th Cir. 1973)("A prisoner has a right, secured by the eighth and fourteenth amendments, to be reasonably protected from constant threat of violence and sexual assault by his fellow inmates, and he need not wait until he is actually assaulted to obtain relief.");[6] Miltier v. Beorn, 896 F.2d 848, 851-852, 1990

---

[6]At the time Woodhous was decided, inmate attacks were evaluated under a negligence standard. Although the negligence standard for § 1983 actions was superannuated by later caselaw, Woodhous is still good law on the issue of inmate attacks. *See* Gilland v. Owens, 718 F. Supp. 665, 1989 U.S.Dist. LEXIS® 9750 (W.D.Tenn.1989):

> *Woodhous* applies a negligence standard to the conduct of officials in protecting inmates from assault or the threat of assault. While this aspect of *Woodhous* no longer correctly represents the law in this circuit, *see McGhee*
> (continued...)

7

U.S.App. LEXIS® 2375 (4th Cir. 1990)("A defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position."); Weiss v. Cooley, 230 F.3d 1027, 1032, 2000 U.S.App. LEXIS® 23705 (7th Cir. 2000); Williams v. Mueller, 13 F.3d 1214, 1216, 1994 U.S.App. LEXIS® 341 (8th Cir. 1994); and Morales v. New York State Dep't of Corrections, 842 F.2d 27, 30, 1988 U.S.App. LEXIS® 3473 (2nd Cir. 1988).

Even so, the complaint and the plaintiff's Answers to the Court's Special Interrogatories contain no allegation of any deliberate indifference on the part of Sergeant Parker or any other official of the Cherokee County Detention Center. *See* Wilson v. Cooper, 922 F. Supp. 1286, 1293, 1996 U.S.Dist. LEXIS® 5101 (N.D.Ill. 1996); and Campo v. Keane, 913 F. Supp. 814, 825 & n. 11, 1996 U.S.Dist. LEXIS® 1207 (S.D.N.Y. 1996). *See also* Horton v. Marovich, 925 F. Supp. 540, 1996 U.S.Dist. LEXIS® 5772 (N.D.Ill. 1996)("Thus, a plaintiff suing a government official in his individual capacity and therefore seeking to hold the official personally liable must show that the

---

(...continued)
    *v. Foltz,* 852 F.2d 876, 881 (6th Cir.1988), its holding that an inmate has a right to be free from constant threat of violence is still an accurate statement of the law.

Gilland v. Owens, supra, 718 F. Supp. at 686 n.13.

official personally caused or played a role in causing the deprivation of a federal right.").

The plaintiff appears to be contending that Sergeant Parker should not have allowed the unknown inmate to go to recreation when the plaintiff was there. If so, such a contention is based on an invalid deduction of fact, which is best articulated in the maxim "*Post hoc, ergo propter hoc.*" This maxim is usually translated as "After this, therefore, on account of this." Most federal courts have rejected the validity of that maxim in determining whether a causal connection exists. *See*, *e.g.*, the order of the Honorable Charles E. Simons, Jr., United States District Judge, in Orr v. Gardner, 261 F. Supp. 39, 41 n. 1 (D.S.C. 1966)("*Post hoc, ergo propter hoc* in logic is usually intended as 'the fallacy of arguing from mere temporal sequence to cause and effect relationship.'"); and Loyd v. Bullhead City, 931 F.2d 897 [Table], 1991 U.S.App. LEXIS® 9824, * 17, 1991 WESTLAW® 70735 (9th Cir., May 6, 1991), where the United States Court of Appeals for the Ninth Circuit commented: "Loyd's argument presents a classic example of the logical fallacy known as *post hoc, ergo propter hoc*, *i.e.*, that a cause-and-effect relationship can be shown from a mere temporal sequence." Although a district court, when evaluating a pleading under 28 U.S.C. § 1915, must assume that the allegations in the pleading are true, a district court is not required to accept unwarranted deductions of fact. See Gersten v. Rundle, 833 F. Supp. 906, 910, 1993

U.S.Dist. LEXIS® 13589 (S.D.Fla. 1993); and Clegg v. Cult Awareness Network, 18 F.3d 752, 754-755, 1994 U.S.App. LEXIS® 4103 (9th Cir. 1994)(district court not required to accept conclusions that cannot be reasonably drawn from facts alleged). *See also* Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987)(district court "not required to 'accept as true legal conclusions or unwarranted factual inferences'"); Bender v. Suburban Hospital, Inc., 159 F.3d 186, 192, 1998 U.S.App. LEXIS® 27790 (4th Cir. 1998); and *cf.* Papasan v. Allain, 478 U.S. 265, 286 (1986)("Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation.").

The use of a chemical munition to break up the fight has not violated the plaintiff's constitutional rights.  See Hudson v. Palmer, 468 U.S. 517 (1984). As noted by the late Chief Justice Burger, "inmates have necessarily shown a lapse in ability to control and conform their behavior to the legitimate standards of society by the normal impulses of self-restraint; they have shown an inability to regulate their conduct in a way that reflects either a respect for law or an appreciation of the rights of others."  Hudson v. Palmer, supra, 468 U.S. at 526.  Federal courts are required to accord great consideration to a correctional system's need to maintain order, discipline, and control.  Wolff v. McDonnell, 418 U.S. 539, 558-562 (1974).

10

# *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See* Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. *, 1993 U.S.App. LEXIS® 17715 (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)]; and 28 U.S.C. § 1915A[as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. The plaintiff's attention is directed to the Notice on the next page.

January 25, 2007                                     sWilliam M. Catoe
Greenville, South Carolina                 United States Magistrate Judge

11

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

## Larry W. Propes, Clerk
## United States District Court
## Post Office Box 10768
## Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in the waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).

12